°ftfle Court’ by
Judge Clark
Wicklitte declared against Handley in covenant, on a deed executed by Handley, on the 3d day of May, 1806 ; by which he bound himself to transfer to Wickliffe, within six months from the date, six hundred dollars in cash bonds or notes, on good men within this commonwealth. Handley plead that on the day the transfer was to have been made, he was ready at his own house in' Ohio county and then and there had the bonds and notes, and still holds them ready, according to the tenor and effect of his writing, to be transferred. On this plea issue was joined, and verdict and judgment for Handley : from which WiGSjffe appealed.
in contracts fo? the payment of money, if no place be ftxed by the contract, where the money is. to be paid thedaw requires the debtor to seek his creditor, and make payment of the debt, wheresoever he may be ⅛ me state. The same rule prevails in all cases where me act to be done is transitory ; the performance must oe to tne person of the creditor wheresoever found. The only exception to this rule is where the act to be done is in its nature local. The case of Chambers vs. Winn, *248 relied on for the appellee, is very different from this ; there the property to be paid was of a ponderous nature, the transportation of which from one part of the ccitip-try to the other, would have been attended with trouble and expence. The act to be performed in this case being entirely different, the reason which produced that decision, can have no influence in the determination of this. The thing to be performed by Handley in virtue of his covenant, is clearly transitory—‘See the case of Clay vs. Huston's administrators, decided by this court, (vol. 1,461) in which it is decided, that a promise to pay in militia certificates was a transitory act. There being-no place mentioned in the deed for performance, Hand-could neither perform, nor offer to perform, but to person of his creditor ; the issue therefore was upon an immaterial point, and a repleader ought to have been awarded, to commence at the setting aside the office judgment. But if we are mistaken as to the place where this covenant ought to have been performed, and a tender could have been made by Handley at his own house, in the absence of Wicldiffe, the plea is too defective to entitle him to a judgment. The mere readiness to pay, without doing any thing more on -his part, was insufficient (a) to bar the recovery ; he ought to háve assigned the bonds or notes, and tendeied them in court, so that the plaintiff, if he chose, might have received them.
It is,therefore considered by the court, that the judgment of the circuit court be reversed, and the verdict of the jury sec aside, that the cause be remanded to said court, for new proceedings to be had not inconsistent with the foregoing opinion, &c.

 bell «s. Gre-vol.